IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

MARY SMITH, Guardian of B.W.,
and B.W., Individually                                                   PLAINTIFFS

v.                              No. 3:24-cv-100-DPM

OSCEOLA SCHOOL DISTRICT;
ARKANSAS DEPARTMENT OF
EDUCATION;  and JACOB OLIVA,
Secretary, Arkansas Department of Education              DEFENDANTS

ORDER

B.W. is a high school age student in the Osceola School District. She is intellectually disabled and has had many struggles, both learning and behavioral. Those struggles worsened when her special education teacher went on medical leave and wasn't replaced. After B.W. had several outbursts, the District placed her in a homebound setting.

Mary Smith, B.W.'s guardian, made a due process complaint in January 2024 for alleged violations of the Individuals with Disabilities Education Act. The administrative hearing officer found that the District's failure to hire a replacement certified special education teacher deprived B.W. of her due education between 2 August 2023 and 1 November 2023 and granted some relief. *Hearing Officer Order at 18.**

_____

* The administrative record consists of a joint binder, a transcript, and the administrative hearing officer's final Order. The record as a whole

The hearing officer rejected Smith's other claims, either on the merits or for lack of jurisdiction. Smith has appealed.

\*

B.W. entered the eleventh grade in 2023. The school year got off to a bad start. *Doc. 28 at 3–4*; *Hearing Officer Order at 5*. On 25 July 2023, Brenda Arnold, the special education teacher, began logging B.W.'s behavior problems. *Hearing Officer Order at 5*; *Joint Binder at 64–65*. By August 2nd, the District, in coordination with Smith and B.W., created a Behavior Plan. *Doc. 28 at 7*; *Joint Binder at 68–69*. The District also completed a referral for B.W. to receive mental health counseling.

Around the same time—in early August—Arnold went on medical leave. *Doc. 28 at 3*. The District attempted to hire a certified special education teacher to replace her, but was unsuccessful for the entire 2023-24 school year. *Doc. 28 at 12*. Under B.W.'s IEP, the District was to provide her with 1,600 total minutes of special education per week. *Hearing Officer Order at 4–5*. After Arnold's departure, B.W. only received about 600 minutes each week. *Doc. 28 at 6 & 9–10*; *Hearing Officer Order at 4–5*. By November 2023, she was assessed to be at a kindergarten level for both reading and math, down from a third-grade level in April 2022. *Doc. 28 at 3 & 5*; *Joint Binder at 82*.

---

is not consecutively paginated. The Court, like the parties, will cite to these documents separately.

B.W.'s behavioral problems also got worse following Arnold's departure. *Doc. 28 at 10–11.* Around September, the District referred her for counseling services. *Doc. 28 at 8.* But she became more intense and erratic. B.W.'s IEP team met on September 20th, September 27th, October 27th, and November 1st. *Doc. 28 at 10.* At the November 1st meeting, the District determined that it had no other option than to place B.W. in a homebound setting. *Doc. 28 at 10–11.* Smith objected, despite having previously requested homebound placement for B.W. *Doc. 28 at 4.* Later in November, the District and Smith agreed that B.W. would complete a psychiatric evaluation and then return to school. *Doc. 28 at 10–11.* B.W. was evaluated, but Smith didn't consent to release the results to the District until March 2024. *Doc. 28 at 12.*

In January 2024, Smith requested a due process hearing, alleging IEP failures and making other claims. The hearing officer found that the District denied B.W. her due education from 2 August 2023 (the approximate date that Arnold went on medical leave) through 1 November 2023 (when B.W. was placed on homebound status). As relief, the officer ordered the District to *offer* to provide B.W. with 12,000 minutes of small group or one-on-one instruction by a certified special education teacher prior to her graduation. *Hearing Officer Order at 21.* The officer didn't order the District to complete the additional instruction because Smith didn't request compensatory education in the due process complaint. *Hearing Officer Order at 22.*

*

A preliminary matter. Secretary Oliva and the Arkansas Department of Education have filed a motion to dismiss for failure to state a claim or for insufficient service of process. The Court need not reach the service issues. Smith and B.W. haven't alleged any specific facts attributable to the State defendants that could conceivably make them liable under the IDEA. *Pachl v. Seagren*, 453 F.3d 1064, 1070 (8th Cir. 2006). Those claims will be dismissed without prejudice for failure to state a claim.

*

This isn't a typical IDEA appeal of a hearing officer's findings. Rather, Smith argues that the District systematically failed B.W. over the course of her educational career. The parties disagree over whether this is proper.

Under the IDEA, it isn't. Smith's administrative due process complaint isn't part of the administrative record. But the hearing officer's decision and the transcript makes clear that her claim was that B.W. didn't receive a free and appropriate education from August 2023 through January 2024. *Hearing Officer Order at 1; Transcript at 5*. Her IDEA claims in this action are therefore limited to challenging the hearing officer's decision on that limited period. 20 U.S.C. § 1415(i)(2). To the extent Smith brings claims under the IDEA beyond that period, they will be dismissed with prejudice.

Smith also seeks damages under the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and other authorities. *Doc. 2 at 2–3.* Those claims are not limited by the IDEA's exhaustion requirement. *Luna Perez v. Sturgis Public Schools*, 598 U.S. 142, 147–48 (2023). The Court can consider them.

*

For her IDEA claim, Smith bears the burden of proof because she is challenging the hearing officer's decisions. *Park Hill School District v. Dass*, 655 F.3d 762, 765 (8th Cir. 2011). The Court must evaluate where the preponderance of the evidence is, while also giving due weight to the administrative proceedings and the hearing officer's decision. *Osseo Area Schools, Independent School District No. 279 v. A.J.T. by & through A.T.*, 96 F.4th 1062, 1065 (8th Cir. 2024), *reversed on other grounds*, 605 U.S. 335 (2025).

Here, the hearing officer made three decisions.

1. The District complied with the IDEA's procedures in developing B.W.'s IEP. *Hearing Officer Order at 14–16;*

2. The District substantially failed to implement B.W.'s IEP because she was supposed to be receiving 1,600 minutes of special education each week, but was only receiving 600 minutes of instruction from qualified special education educators from about 2 August 2023 through 1 November 2023. *Hearing Officer Order at 16–18;* and

      3. The District's placement of B.W. on homebound status did not violate the IDEA's mainstreaming requirement. *Hearing Officer Order at 18–20.*

Did the hearing officer get it right? After considering the whole record, the Court concludes she did.

    Smith doesn't contest that the District met the IDEA's procedural requirements. She focuses instead on B.W.'s significant learning deficiencies (which go beyond the scope of the IDEA appeal), with some argument about homebound placement and some challenge to the evidence about how much special education instruction B.W. received after Arnold went on medical leave (which could factor into the equitable relief B.W. would be entitled to under the IDEA). *See Doc. 28 at 9-10.* She doesn't otherwise challenge the hearing officer's finding about the District's substantive failure to implement B.W.'s IEP.

    The evidentiary quibble is overruled. The Court can't take Smith's lawyer's recollection about the proceedings over the official transcript. That wouldn't be giving due weight to the administrative proceedings. *Osseo Area Schools*, 96 F.4th at 1065. The hearing officer found the witness's testimony about how much special education instruction was being provided after Arnold's departure to be credible. *Transcript at 171-73; Hearing Officer Order at 17–18.* Smith hasn't shown by a preponderance of the evidence that the hearing officer erred.

All material things considered, B.W.'s homebound placement didn't violate the IDEA, either. There is a strong presumption in favor of educating disabled children with those who are not disabled, but a student can be removed if "necessary for the safety of other students or for the disabled child." *M.M. v. District 0001 Lancaster County School*, 702 F.3d 479, 485 (8th Cir. 2012). The IDEA's "mainstreaming requirement is inapplicable if it cannot be achieved satisfactorily." *Ibid.* The District worked hard to try to keep B.W. in school. Her behavior became untenable. The decision to place her in a homebound setting in November 2023 did not deprive her of a free and appropriate education.

\*

Smith also brings disability discrimination claims under the ADA and Section 504. She seeks damages, so she must show that the District intentionally discriminated against B.W. based on her disability. *A. J. T. by & through A. T. v. Osseo Area Schools, Independent School District Number 279*, 605 U.S. 335, 344 (2025). She can carry her burden by showing that the District "disregarded a strong likelihood that the challenged action would result in a violation of federally protected rights." 605 U.S. at 345. Both Smith and the District move for judgment on the record.

The Court needs to hear more from the parties about these claims. One reason is because the legal standard for Smith to prevail on these

claims changed while these issues were being briefed. *See Ibid.* Another is because the parties talk past each other. The District focuses on the period of time at issue for the IDEA claim—August 2023 through January 2024. Smith's claim is that the District's failure to replace Arnold in August 2023 was simply the breaking point in a long series of failures to educate B.W., resulting in behavioral issues and backsliding in her already deficient academic performance. Neither side has shown that they are entitled to judgment at this stage.

*

There are loose ends. Smith moves for judgment on the record on her claims that B.W.'s rights to due process and equal protection were violated. But she made no such constitutional claims in her complaint. She can't amend her pleading through her motion for judgment on the record. *InfoDeli, LLC v. W. Robidoux, Inc.*, 136 F.4th 792, 801 n.6 (8th Cir. 2025). Her motion for judgment on claims she did not bring is denied.

The District moves for judgment on the record on Smith's state law claims, arguing statutory immunity. *Doc. 21 at 16.* It may well have this immunity, but the motion is silent about whether insurance coverage exists for these types of claims and the District offers no proof on the issue. The motion for judgment on the record on the state law claims is therefore denied without prejudice.

Last, the District concedes that Smith is entitled to some fees for her IDEA claim. But the District says she shouldn't receive any fees

incurred after the District made its offer of settlement because the relief awarded by the hearing officer was less favorable than the deal on the table from the District. *Doc. 21 at 16–18.* The Court disagrees. The District offered to negotiate with Smith about the amount of compensatory education and mediate any dispute if the parties couldn't agree. *Doc. 20-1 at 5.* The hearing officer required the District to offer B.W. 12,000 minutes of compensatory education. That's better. In due course, the Court will order further briefing on the amount of fees Smith is entitled to.

\*

Secretary Oliva and the Department of Education's motion to dismiss, *Doc. 34,* is granted. The Court directs the Clerk to terminate them as parties.

Smith's motion for judgment on the record, *Doc. 14,* is denied. The District's motion for judgment on the record, *Doc. 20,* is granted in part and denied in part. All material things considered, the preponderance of the evidence supports the hearing officer's determinations. Smith's appeal of those decisions will be dismissed with prejudice. The IDEA fees will hang fire. The District's motion for judgment on the record on Smith's ADA, Section 504, and state law claims is denied without prejudice.

Because the non-IDEA claims are moving forward, the Court will issue an Amended Final Scheduling Order with a discovery deadline

and a new deadline for dispositive motions. Smith demanded a jury in her complaint, *Doc. 2 at 5*, so the case will be set for a jury trial, too.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

10 December 2025