**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**MARY SMITH, Guardian of B.W., and B.W., Individually** **PLAINTIFFS**

**v.** **No. 3:24-cv-100-DPM**

**OSCEOLA SCHOOL DISTRICT** **DEFENDANT**

# ORDER

Mary Smith's claims about her daughter B.W.'s education at the Osceola School District arise at the intersection of the Individuals with Disabilities Education Act, the Americans with Disabilities Act, and the Rehabilitation Act. This Court affirmed the hearing officer's decision awarding some relief on her IDEA claim and denying most of what Smith sought. *Doc. 39.* There are several pending motions. Smith again moves to amend the complaint. She and the Osceola School District have filed cross motions for summary judgment. Smith also moves for judgment on damages. And she seeks an attorney's fee.

***Motion to Amend.*** This is Smith's second request to do so. It is untimely. *Doc. 40.* She filed it five months after the deadline; and there's no good cause to overlook the tardiness. Plus, the proposed amendments would be futile. *Zutz v. Nelson*, 601 F.3d 842, 852 (8th Cir. 2010). Smith doesn't allege any conduct by, or attributable to, the District that violates the Equal Protection Clause or Due Process Clause.

There aren't enough facts suggesting the Arkansas Department of Education or Secretary Oliva violated their responsibilities under the IDEA or Smith's constitutional rights. The proposed amended complaint doesn't allege any new facts supporting her claim that the District failed to educate B.W. throughout her school career.

***Motions for Judgment.*** First, the District is entitled to judgment on Smith's state law negligence claim. It is immune from tort liability absent insurance coverage. ARK. CODE ANN. § 21-9-301. There is none. *Doc. 67-8, 67-9.*

Second, the Court upheld the hearing officer's findings, and, other than the fees issue, dismissed Smith's IDEA claim. *Doc. 39.* She brings claims under the ADA and Rehabilitation Act, too. She may pursue them—for damages, and any relief not available under the IDEA. *Perez v. Sturgis Public Schools*, 598 U.S. 142, 147–48, 150 (2023). Otherwise, they are precluded. *I.Z.M. v. Rosemount-Apple Valley-Eagan Public Schools*, 863 F.3d 966, 972 (8th Cir. 2017).

Smith has no available equitable relief. At the beginning of her junior year, B.W.'s special education teacher went on medical leave. The District tried to hire a replacement but was unsuccessful for the entire school year. *Doc. 28 at 12.* Without a certified special education teacher, the District didn't provide B.W. with the required minutes of special education each week, and, for almost three months, deprived her of a free and appropriate public education. *Doc. 28 at 6 & 9–11.* The

FAPE violation was remedied by the hearing officer's 2024 award of compensatory education. For two hours each school day, B.W. stayed after classes to receive one-on-one special education instruction. Additionally, any other equitable relief is moot. B.W. graduated high school in May 2025. *Doc. 67-1.*

Smith also moves for money damages under the ADA and Rehabilitation Act because of the District's failure to provide B.W. her due education. Smith must show that the District excluded B.W. from participation in, or denied her the benefits of her public education because of her disability. *A.J.T. by and through A.T. v. Osseo Area Schools, Independent School District No. 279*, 605 U.S. 335, 344–45 (2025). Smith has already done so for those three months of B.W.'s junior year. To recover damages, she must also prove that the District was deliberately indifferent to B.W.'s federally protected rights. *Elsharkaway v. Chisago Lakes School District Board of Education*, 183 F.4th 580, 589 (8th Cir. 2026); *Meagley v. City of Little Rock*, 639 F.3d 384, 389 (8th Cir. 2011).

The District's year-long search for a new special education teacher doesn't meet that standard. It's undisputed the District worked to find a qualified replacement. It's undisputed the District assigned other teachers to the classroom to try and fill the gap. During that time, the District failed to provide B.W. her required special education. But it didn't ignore her rights or disregard her needs.

Smith, though, says this was part of a long series of failures by the District to educate B.W. She presses that, for many years, the District discriminated against B.W. because of her disability. Individually, those claims are time-barred. *Ballard v. Rubin*, 284 F.3d 957, 963 (8th Cir. 2002) (borrowing the forum state's personal injury limitations period for ADA and Rehabilitation Act claims); ARK. CODE ANN. § 16-56-105(a) (setting a three-year limitations period for personal injury claims). And Smith hasn't shown conduct by the District to support her allegations of a continuing violation of her education rights. She says the District knew about B.W.'s disability from her third-grade year; and that she needed special, one-on-one instruction. Beyond those general points, she provides no year-by-year specifics or details about the District's actions, inaction, or decisions along the way. Particulars are absent. A juror couldn't reasonably conclude that the District disregarded a strong likelihood for almost a decade that its conduct would violate B.W.'s disability rights. *Elsharkaway*, 183 F.4th at 589. Smith's claim for relief based on any violation of the ADA and the Rehabilitation Act fails.

***Attorney's Fee.*** Smith prevailed on one slice of the IDEA case. She has not prevailed in her quest for more relief under the IDEA or under the ADA or Rehabilitation Act. The District acknowledges that her proposed $250 hourly rate for her experienced lawyer's work tracks the rate approved in other recent cases. But the District objects to the

lack of detailed time records, which hampers evaluation of specifics. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Smith submitted this Court's docket sheet annotated with the amount of time counsel spent related to various entries. In seeking fees, Smith says she and her daughter "do not include three days spent in Osceola for Plaintiffs' due process procedure." *Doc. 57 at 5.* There's a deeper problem: Smith seeks $15,000 for 60 hours of work in this Court, but she hasn't succeeded on any issues here.

The Court concludes that Smith is entitled to a reasonable fee for her lawyer's successful work in the run-up to the three-day due process hearing and at the hearing. The Court has the benefit of the 418-page administrative record, including the hearing transcript. Given Smith's partial success on the issues raised, and the intertwined nature of the proof on all issues, the Court concludes that thirty hours were reasonably expended in securing the 1600 minutes of compensatory education ordered and affirmed. Detailed billing records would have helped the Court. But the substantive record shows the work done, provides adequate (albeit imperfect) notice to the District, and allows the Court to make the statutory award. 20 U.S.C. § 1415(i)(3)(B). The Court awards a reasonable attorney's fee of $7,500.

*

The Court denies Smith's motion to amend, *Doc. 62*, motion for judgment on the pleadings, *Doc. 60*, and motion for summary

judgment, *Doc. 75*. Her motion for an attorney's fee, *Doc. 57*, is partly granted as modified and partly denied. The Court grants the Osceola School District's motion for summary judgment, *Doc. 67*.

So Ordered.

D.P. Marshall Jr.
United States District Judge

28 October 2026